No. 3--95--0781

    _________________________________________________________________

                                    

                                 IN THE

                                    

                       APPELLATE COURT OF ILLINOIS

                                    

                             THIRD DISTRICT

                                    

                               A.D., 1997

                                    

THE PEOPLE OF THE STATE OF      )  Appeal from the Circuit Court

ILLINOIS,                       )  for the 13th Judicial Circuit

                                )  LaSalle County, Illinois

     Plaintiff-Appellee,        )

                                )

     v.                         )  No. 86--CM--68

                                )

STEVEN TUNGET,                  )  Honorable

                                )  James Lanuti

     Defendant-Appellant.       )  Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

_________________________________________________________________

     The defendant, Steven Tunget, was adjudicated a sexually

dangerous person in October 1986.  In March 1995, a jury found

that he was still sexually dangerous.  Following the denial of

his post-trial motion on July 17, 1995, the defendant appealed. 

In addition to the appeal, the defendant filed another petition

showing recovery on July 31, 1995.  The trial court determined

that it did not have jurisdiction over the July petition because

the March decision was being appealed.  Therefore, the court dis-

missed the July petition.  In this appeal, we shall consider only

whether the trial court properly dismissed the defendant's July

petition.  We reverse and remand for further proceedings.

     The Sexually Dangerous Persons Act (Act) defines a sexually

dangerous person as a person who:  (1) suffers from a mental

disorder coupled with propensities to the commission of sex

offenses; and (2) has demonstrated propensities toward acts of

sexual assault or acts of sexual molestation of children.  725

ILCS 205/1.01 (West 1994).  Such a person is committed to the

custody of the Director of Corrections until such time as he is

no longer sexually dangerous.  725 ILCS 205/8 (West 1994).  A

sexually dangerous person may file an application showing recov-

ery with the committing court and thereafter obtain a hearing on

whether he has recovered and should be released.  725 ILCS 205/9

(West 1994).  The Act contains no limitation on the number of

applications showing recovery that a sexually dangerous person

may bring.  Nor does the Act require a sexually dangerous person

to wait for any length of time between applications.

     In the case at bar, the defendant's July 1995 application

showing recovery was dismissed by the trial court because the

decision on his March 1995 petition was being appealed.  That

appeal, the court reasoned, removed the court's jurisdiction over

the defendant's petition.  That is correct with regard to the

March 1995 petition.  Once the defendant filed his notice of

appeal of the decision on his March 1995 petition, the trial

court was without jurisdiction to make any further decisions on

that petition.  See People v. Aleman, 281 Ill. App. 3d 991, 667

N.E.2d 615 (1996).

     The July 1995 petition initiated a completely new proceed-

ing, however, and invoked the jurisdiction of the court indepen-

dently of any previous decisions.  Thus, the trial court could

have exercised jurisdiction over the July 1995 petition regard-

less of the status of the March 1995 proceeding.

     We agree with the State that the Act's statutory scheme is

wasteful of judicial and other resources.  However, we must leave

the correction of this problem to the General Assembly.  Our duty

is not to enact the laws but merely to interpret them.  Nor do we

address any other issues that may arise when a defendant repeat-

edly files essentially the same petition.  We hold only that the

trial court may properly exercise jurisdiction over a successor

petition even during the pendency of an appeal on an earlier

petition.

     For the foregoing reasons, the judgment of the circuit court

of LaSalle County is reversed and this matter is remanded for

further proceedings.

     Reversed and remanded.

     HOMER and McCUSKEY, JJ., concurring.